# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Wynnchurch Capital, LLC, an Illinois Limited Liability Company,<br><br>    Plaintiff,<br><br>v.<br><br>Terry Theodore,<br><br>    Defendant. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, Wynnchurch Capital LLC ("Wynnchurch"), by and through its attorneys, Quinn Emanuel Urqhuart & Sullivan, LLP, complaining of Defendant, Terry Theodore ("Theodore"), alleges as follows:

## PARTIES

1. Plaintiff, Wynnchurch Capital LLC, is an Illinois Limited Liability Company with its principal place of business in Rosemont, Illinois.

2. Defendant, Terry Theodore, is an individual citizen of the State of Michigan.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue properly lies in this District because Theodore has consented to venue in this District in the contract that forms the basis of this action.

## FACTUAL BACKGROUND

5. Wynnchurch is a private equity firm that formerly employed Theodore.

6. During his employment, Theodore entered into several partnership agreements with Plaintiff's affiliate, Wynnchurch Management, Ltd., to create certain private equity funds (the "Partnership Agreements").

7. Among other things, the Partnership Agreements stated that Theodore acknowledged and agreed "that investment performance information and the investment track record of each Wynnchurch Fund and each investment by a Wynnchurch Fund" is the property of Plaintiff's affiliate, Wynnchurch Management, Ltd.

8. The Partnership Agreements further stated that Theodore "shall not, and shall not permit [his] affiliates to, directly or indirectly, use, rely on, disclose, divulge, furnish or make accessible to anyone such investment performance information, except in each case (i) as (and only to the extent) necessary or required by law, (ii) in connection with such Person's duties and responsibilities to the Wynnchurch Group or (iii) in connection with such Person's efforts to seek other employment, but in no event shall such information be included in the offering, marketing, due diligence or similar materials of any other Person without the consent" of Wynnchurch.

9. On October 27, 2016, the parties entered into an agreement terminating Theodore's employment (the "Separation Agreement").

10. As part of the Separation Agreement, Wynnchurch provided Theodore with certain separation benefits, including payment of Theodore's base salary and provision of group health insurance through September 15, 2017 (the "Separation Benefits").

11. In consideration for the Separation Benefits, Theodore agreed to "comply with the terms of [the Separation Agreement] and any other agreement to which [Theodore] and any Company Entity are party to[.]"

12.     The Separation Agreement stated that Theodore "acknowledge[d] that if [he] breach[ed] [the Separation Agreement] or any other agreement to which [he] and any Company Entity are a party to, [he] will not be entitled to the Separation Benefits."

13.     Defendant and a group of Plaintiff's other former employees that have created a new private equity firm called Center Rock Capital Partners, LP ("Center Rock").

14.     Theodore and others at Center Rock have approached some of the same private equity investors with whom they worked while employed by Wynnchurch.

15.     In violation of express obligations created under the Partnership Agreements, Theodore and others at Center Rock have touted Wynnchurch's track record as their own in an attempt to obtain funding from investors. Theodore and others at Center Rock have distributed marketing materials that listed a number of Wynnchurch's portfolio companies. Further, Theodore and others at Center Rock have inaccurately informed investors that the Center Rock employees "led" each of the Wynnchurch deals that appear in the marketing documents.

16.     Theodore's actions in touting Wynnchurch's track record constitutes a breach of the Partnership Agreements and, accordingly, a breach of the Separation Agreement.

**FIRST CLAIM FOR RELIEF
BREACH OF CONTRACT
(UNDER ILLINOIS COMMON LAW)**

17.     Plaintiff re-alleges paragraphs 1 through 16 as if fully restated herein.

18.     The Separation Agreement constituted a valid and enforceable contract between Plaintiff and Theodore.

19.     Wynnchurch fully performed under the Separation Agreement by, among other things, providing Separation Benefits to Theodore.

20. Theodore breached the Separation Agreement by touting Wynnchurch's track record in connection with his employment at Center Rock.

21. As a result of Theodore's breaches, Wynnchurch has been damaged in an amount to be determined at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court:

A. Award monetary damages against Theodore in an amount to exceed $75,000; and

B. Award costs, interest, and such other relief as it may deem equitable and just.

## JURY DEMAND

Plaintiff demands trial by jury on all facts so triable.

Date: January 9, 2018

Respectfully submitted,

*/s/ Jonathan C. Bunge*
Jonathan C. Bunge
Andrew H Schapiro
Frank G. Dylewski
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
191 N. Wacker Drive, Suite 2700
Chicago, Illinois 60606-1881
(312) 705-7400
(312) 705-7401 (fax)
jonathanbunge@quinnemanuel.com
andrewschapiro@quinnemanuel.com
frankdylewski@quinnemanuel.com

*Counsel for Plaintiff*

4