UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WYNNCHURCH CAPITAL, LLC,<br><br>    Plaintiff,<br><br>  vs.<br><br>TERRY M. THEODORE,<br><br>    Defendant.<br><br>TERRY M. THEODORE,<br><br>    Counterclaim Plaintiff,<br><br>  vs.<br><br>WYNNCHURCH CAPITAL, LLC,<br><br>    Counterclaim Defendant. | 1:18-cv-00156<br><br>Hon. John Z. Lee |

**DEFENDANT'S ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERLCLAIMS[1]**

Defendant Terry M. Theodore, by and through his undersigned counsel, Willkie Farr & Gallagher LLP and Seyfarth Shaw LLP, hereby responds to Plaintiff Wynnchurch Capital, LLC's Complaint as follows:

**COMPLAINT NO. 1:**

Plaintiff, Wynnchurch Capital LLC, is an Illinois Limited Liability Company with its principal place of business in Rosemont, Illinois.

---

[1] Defendant files this answer and counterclaims pursuant to this Court's participation in the Mandatory Initial Discovery Pilot Project and without prejudice to its unopposed motion to stay the present action, including the counterclaim asserted in this pleading, in favor of a prior-filed arbitration proceeding, filed on March 12, 2018. The counterclaims asserted herein, which overlap with those that have been asserted by Mr. Theodore in the arbitration captioned *Wynnchurch Management, Ltd. v. Kirson et al.*, Case No. 01-17-0007-6290 (the "Arbitration"), are being asserted here only so that they are not waived. Nothing in this pleading waives any of the arguments asserted by Defendant in his unopposed motion to stay the present action.

**ANSWER:**

Defendant denies knowledge and information sufficient to form a belief regarding the allegations in Paragraph 1.

**COMPLAINT NO. 2:**

Defendant, Terry Theodore, is an individual citizen of the State of Michigan.

**ANSWER:**

Defendant admits the allegations in Paragraph 2.

**COMPLAINT NO. 3:**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

**ANSWER:**

The allegations in Paragraph 3 contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 3.

**COMPLAINT NO. 4:**

Venue properly lies in this District because Theodore has consented to venue in this District in the contract that forms the basis of this action.

**ANSWER:**

Defendant denies the allegations in Paragraph 4.

**COMPLAINT NO. 5:**

Wynnchurch is a private equity firm that formerly employed Theodore.

**ANSWER:**

Defendant admits the allegations in Paragraph 5.

**COMPLAINT NO. 6:**

During his employment, Theodore entered into several partnership agreements with Plaintiff's affiliate, Wynnchurch Management, Ltd., to create certain private equity funds (the "Partnership Agreements").

**ANSWER:**

 Defendant admits the allegations in Paragraph 6.

**COMPLAINT NO. 7:**

 Among other things, the Partnership Agreements stated that Theodore acknowledged and agreed "that investment performance information and the investment track record of each Wynnchurch Fund and each investment by a Wynnchurch Fund" is the property of Plaintiff's affiliate, Wynnchurch Management, Ltd.

**ANSWER:**

 Defendant refers to the Partnership Agreements for a full, accurate, and complete statement of their contents, and otherwise denies the allegations in Paragraph 7.

**COMPLAINT NO. 8:**

 The Partnership Agreements further stated that Theodore "shall not, and shall not permit [his] affiliates to, directly or indirectly, use, rely on, disclose, divulge, furnish or make accessible to anyone such investment performance information, except in each case (i) as (and only to the extent) necessary or required by law, (ii) in connection with such Person's duties and responsibilities to the Wynnchurch Group or (iii) in connection with such Person's efforts to seek other employment, but in no event shall such information be included in the offering, marketing, due diligence or similar materials of any other Person without the consent" of Wynnchurch.

**ANSWER:**

 Defendant refers to the Partnership Agreements for a full, accurate, and complete statement of their contents, and otherwise admits the allegations in Paragraph 8.

**COMPLAINT NO. 9:**

 On October 27, 2016, the parties entered into an agreement terminating Theodore's employment (the "Separation Agreement").

**ANSWER:**

 Defendant refers to the Partnership Agreements for a full, accurate, and complete statement of their contents, and otherwise denies the allegations in Paragraph 9.

**COMPLAINT NO. 10:**

As part of the Separation Agreement, Wynnchurch provided Theodore with certain separation benefits, including payment of Theodore's base salary and provision of group health insurance through September 15, 2017 (the "Separation Benefits").

**ANSWER:**

Defendant refers to the Separation Agreement for a full, accurate, and complete statement of its contents and otherwise admits the allegations in Paragraph 10.

**COMPLAINT NO. 11:**

In consideration for the Separation Benefits, Theodore agreed to "comply with the terms of [the Separation Agreement] and any other agreement to which [Theodore] and any Company Entity are party to[.]"

**ANSWER:**

Defendant refers to the Separation Agreement for a full, accurate, and complete statement of its contents and otherwise denies the allegations in Paragraph 11.

**COMPLAINT NO. 12:**

The Separation Agreement stated that Theodore "acknowledge[d] that if [he] breach[ed] [the Separation Agreement] or any other agreement to which [he] and any Company Entity are a party to, [he] will not be entitled to the Separation Benefits."

**ANSWER:**

Defendant refers to the Separation Agreement for a full, accurate, and complete statement of its contents and otherwise admits the allegations in Paragraph 12.

**COMPLAINT NO. 13:**

Defendant and a group of Plaintiff's other former employees have created a new private equity firm called Center Rock Capital Partners, LP ("Center Rock").

**ANSWER:**

Defendant denies the allegations in Paragraph 13.

**COMPLAINT NO. 14:**

Theodore and others at Center Rock have approached some of the same private equity investors with whom they worked while employed by Wynnchurch.

**ANSWER:**

Defendant admits the allegations in Paragraph 14.

**COMPLAINT NO. 15:**

In violation of express obligations created under the Partnership Agreements, Theodore and others at Center Rock have touted Wynnchurch's track record as their own in an attempt to obtain funding from investors. Theodore and others at Center Rock have distributed marketing materials that listed a number of Wynnchurch's portfolio companies. Further, Theodore and others at Center Rock have inaccurately informed investors that the Center Rock employees "led" each of the Wynnchurch deals that appear in the marketing documents.

**ANSWER:**

Defendant denies the allegations in Paragraph 15.

**COMPLAINT NO. 16:**

Theodore's actions in touting Wynnchurch's track record constitutes a breach of the Partnership Agreements and, accordingly, a breach of the Separation Agreement.

**ANSWER:**

The allegations in Paragraph 16 contain legal conclusions to which no response is required. To the extent that a response is required, Defendant denies the allegations in Paragraph 16.

**COMPLAINT NO. 17:**

Plaintiff re-alleges paragraphs 1 through 16 as if fully restated herein.

**ANSWER:**

Defendant repeats and reincorporates his answers to Paragraphs 1 through 16 as though fully set forth herein.

**COMPLAINT NO. 18:**

The Separation Agreement constituted a valid and enforceable contract between Plaintiff and Theodore.

**ANSWER:**

The allegations in Paragraph 18 contain legal conclusions to which no response is required.

To the extent that a response is required, Defendant denies the allegations in Paragraph 18.

**COMPLAINT NO. 19:**

Wynnchurch fully performed under the Separation Agreement by, among other things, providing Separation Benefits to Theodore.

**ANSWER:**

The allegations in Paragraph 19 contain legal conclusions to which no response is required.

To the extent that a response is required, Defendant denies the allegations in Paragraph 19.

**COMPLAINT NO. 20:**

Theodore breached the Separation Agreement by touting Wynnchurch's track record in connection with his employment at Center Rock.

**ANSWER:**

The allegations in Paragraph 20 contain legal conclusions to which no response is required.

To the extent that a response is required, Defendant denies the allegations in Paragraph 20.

**COMPLAINT NO. 21:**

As a result of Theodore's breaches, Wynnchurch has been damaged in an amount to be determined at trial.

**ANSWER:**

The allegations in Paragraph 21 contain legal conclusions to which no response is required.

To the extent that a response is required, Defendant denies the allegations in Paragraph 21.

WHEREFORE, Defendant denies that Plaintiff is entitled to any of the relief for which it prays in the "PRAYER FOR RELIEF" clause of the Complaint, or to any other relief. Defendant further denies that Plaintiff is entitled to a trial by jury. Defendant prays for a judgment in his favor, a denial of all claims sought by Plaintiff, and for such other relief that is just and appropriate under the circumstances.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because it fails to state a cause of action upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part because Plaintiff comes before this Court with unclean hands.

THIRD AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Plaintiff has failed to plead, and cannot prove, injury of any kind.

FOURTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Plaintiff has failed to plead, and cannot prove, damages of any kind.

FIFTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Plaintiff has failed to mitigate whatever damages it has.

SIXTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because whatever damages Plaintiff has suffered are self-caused.

SEVENTH AFFIRMATIVE DEFENSE

The Complaint should be dismissed because Plaintiff's allegation that Defendant has misappropriated Plaintiff's "track record" is based on Defendant's use of publicly available information, and because that information does not constitute "track record."

### EIGHTH AFFIRMATIVE DEFENSE

The Complaint is barred because Plaintiff's claims are subject to arbitration.

### NINTH AFFIRMATIVE DEFENSE

The Complaint is barred because there is no valid contract.

### TENTH AFFIRMATIVE DEFENSE

The Complaint is barred because Plaintiff has repudiated the contract.

### ELEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred because Plaintiff has breached the contract.

### TWELFTH AFFIRMATIVE DEFENSE

The Complaint is barred because of the doctrine of ratification.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred because of the doctrine of estoppel.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Complaint is barred because of offsetting damages that Defendant has incurred.

### **COUNTERCLAIMS**

### **PARTIES**

1.  Defendant/Counterclaim Plaintiff Terry Theodore is a former employee of Wynnchurch Capital, LLP and former limited partners of Wynnchurch Capital funds, Wynnchurch Partners II, L.P., Wynnchurch Partners III, L.P., and Wynnchurch Partners IV, L.P., (collectively, the "Wynnchurch Funds").

2.  Plaintiff/Counterclaim Defendant Wynnchurch Capital LLC ("Wynnchurch") is an Illinois Limited Liability Company with its principal place of business in Rosemont, Illinois.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

4. Venue properly lies in this District.

**FACTUAL BACKGROUND**

5. Terry Theodore is a former employee of Wynnchurch, and worked in Wynnchurch's Detroit office until September of 2016, when that office was closed.

6. As part of his employment at Wynnchurch, Mr. Theodore entered into several partnership agreements with Wynnchurch's affiliate, Wynnchurch Management, Ltd., ("Wynnchurch Management") in connection with the Wynnchurch Funds.

7. On September 18, 2017, Mr. Theodore was hired by Center Rock Capital Partners, LP ("Center Rock"), a private equity firm founded by another former Wynnchurch employee.

8. Since learning of Center Rock's founding and Mr. Theodore's hiring, Wynnchurch and its managing partner and founder, John Hatherly, have engaged in a campaign of intimidation and harassment against Mr. Theodore.

9. Wynnchurch has made false and disparaging comments about Mr. Theodore to current and former CEOs of Wynnchurch Portfolio Companies and their advisors; certain Wynnchurch limited partners; certain Wynnchurch investors; and others, including:

    a. a statement made by Mr. Hatherly that any requests for references on behalf of Mr. Theodore would have to be referred to Wynnchurch, and that failure to do so would result in becoming entangled in litigation;

9

b. communications by John Hatherly at the January 22, 2018 board meeting of Indiana Limestone, a Wynnchurch portfolio company, that Mr. Theodore breached his agreement with Wynnchurch, is being sued by Wynnchurch, and that Wynnchurch would have a problem working with any firm that would work with Mr. Theodore due to his lack of integrity; and

c. communications by Mr. Hatherly and Wynnchurch employee Frank Hayes in which they stated that Mr. Theodore was fired for "poor performance."

10. On December 20, 2017, Wynnchurch caused its affiliate, Wynnchurch Management to initiate arbitration proceedings against Mr. Theodore and several others, falsely accusing them of having misappropriated Wynnchurch's investment track record in violation of the Partnership Agreements. These proceedings are captioned *Wynnchurch Management, Ltd. v. Ian Kirson et al.*, AAA Case No. 01-17-0007-6290. (*See* Ex. D.)

11. This lawsuit, initiated by Wynnchurch on January 9, 2018, is evidence of Wynnchurch's campaign of harassment. It asserts nearly identical claims to those asserted in the Arbitration, namely, that Mr. Theodore breached the Partnership Agreements by misappropriating Wynnchurch's investment track record, only in this case, those alleged breaches are shoehorned into a further alleged breach of Mr. Theodore's Separation Agreement.

12. The purpose of this federal lawsuit is to force Mr. Theodore to incur the considerable and unnecessary expense of having to defend substantially the same claim in two different forums.

13. A comparison of the Complaint in this case and Wynnchurch Management's arbitration demand reveals the duplicative nature of the two proceedings. In the Complaint Wynnchurch asserts:

> In violation of express obligations created under the Partnership Agreements, Theodore and others at Center Rock have touted Wynnchurch's track record as their own in an attempt to obtain funding from investors. Theodore and others at Center Rock have distributed marketing materials that listed a number of Wynnchurch's portfolio companies. Further, Theodore and others at Center Rock have inaccurately informed investors that the Center Rock employees "led" each of the Wynnchurch deals that appear in the marketing documents.

(Compl. ¶ 15.) In the arbitration demand, Wynnchurch Management asserts:

> In violation of express obligations created under the Agreements, Respondents have touted Wynnchurch's track record as their own in an attempt to obtain funding from investors. Respondents have distributed marketing materials that listed a number of Wynnchurch's portfolio companies. Further, Respondents have inaccurately informed investors that Respondents "led" each of the Wynnchurch deals that appear in the marketing documents.

(Ex. D at 7.)

## CAUSES OF ACTION

### COUNT I
### Unfair Competition by Disparagement (Under 815 Ill. Comp. Stat. § 510/1(8))

14.   Theodore repeats and realleges Paragraphs 1 through 13 as if fully set forth herein.

15.   Wynnchurch has repeatedly and intentionally disparaged Mr. Theodore to various private equity industry participants, including by falsely claiming that Mr. Theodore breached his obligations to Wynnchurch, that he has wrongfully used Wynnchurch's investment track record, and that he is not someone to do business with due to a lack of integrity.

16.   Wynnchurch has also instructed senior management of its portfolio companies not to provide positive references to Mr. Theodore in order to avoid being 'entangled in litigation.'

17.   Wynnchurch has also initiated a meritless Arbitration against Mr. Theodore and others.

11

18. This conduct has damaged Mr. Theodore by impugning his professional reputation and denying him business opportunities which would have otherwise inured to his benefit.

19. Pursuant to 815 Ill. Comp. Stat. § 510/3, Mr. Theodore is entitled to injunctive relief and "[p]roof of monetary damage, loss of profits or intent to deceive is not required."

## COUNT II
### Defamation Per Se

20. Theodore repeats and realleges Paragraphs 1 through 19 as if fully set forth herein.

21. Wynnchurch has repeatedly and intentionally disparaged Mr. Theodore to various third parties in the private equity industry, including by falsely claiming that Mr. Theodore breached his obligations to Wynnchurch, that he has wrongfully used Wynnchurch's investment track record, and that he is not someone to do business with due to a lack of integrity.

22. The disparaging statements made by Wynnchurch indicate that Theodore lacks integrity and ability in performing the duties of his profession, and otherwise harms him in his business.

23. The disparaging statements made by Wynnchurch constitute defamation per se, and as such, these disparaging statements have presumptively caused damage and injury to Theodore's reputation and business.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant/Counterclaim Plaintiff is entitled to a judgement against Plaintiff/Counterclaim Defendant awarding him:

1) Monetary damages in an amount to be determined at trial;

2) Injunctive relief; and

    3)    Costs and attorneys' fees incurred in connection with this action.

Such further relief as this Court deems just and proper.

| | |
|---|---|
| Dated: Chicago, Illinois<br>March 13, 2018 | By: /s/ Justin K. Beyer<br>Michael D. Wexler<br>Justin K. Beyer<br>Robyn E. Marsh<br>SEYFARTH SHAW LLP<br>233 South Wacker Drive, Suite 8000<br>Chicago, Illinois 60606<br>(312) 460-5000<br>mwexler@seyfarth.com<br>jbeyer@seyfarth.com<br>rmarsh@seyfarth.com<br><br>James C. Dugan<br>Maxwell A. Bryer<br>(admitted *pro hac vice*)<br>WILLKIE FARR 7 GALLAGHER LLP<br>787 Seventh Avenue<br>New York, New York 10019<br>(212) 728-8654<br>(212) 728-9654 (facsimile)<br>jdugan@willkie.com<br>mbryer@willkie.com<br><br>*Attorneys for Defendant Terry M. Theodore* |

## **CERTIFICATE OF SERVICE**

   The undersigned, an attorney, does hereby certify that he caused a true and correct copy of the foregoing to be served on all counsel of record via the ECF Filing System this 13th day of March, 2018.

                   /s/ Justin K. Beyer

                   Justin K. Beyer